**HORN & HARDART CO. v. UNITED STATES.**

**No. 42529.**

Court of Claims.

May 4, 1936.

This case having been heard by the Court of Claims, the court, upon the report of a commissioner and the evidence, makes the following special findings of fact:

1. The plaintiff is a corporation of the state of New York with its principal place of business at 600 West Fiftieth street in the city and state of New ·York.

2. The plaintiff owns and operates a chain of restaurants in New York City.

3. During the taxable year 1932 plaintiff sold and served to its customers at its various restaurants, among other articles, 50,340.577 gallons of orange juice, on which it returned and paid a tax of 2 cents per gallon in amounts and on dates as follows:

| Gallons | Date of Sale | Date of payment | Amount of tax |
|---|---|---|---|
| 5,216.97 | June | August 31, 1932.. | $104.34 |
| 16,172.607 | July | August 31, 1932... | 323.45 |
| 14,602 | August | September 30, 1932 | 292.04 |
| 14,349 | September | October 31, 1932.. | 286.98 |
| | Total | | 1,006.81 |

4. On November 21, 1932, plaintiff filed with the appropriate collector a claim for refund of the total tax of $1,006.81 so paid, stated on the ground that the orange juice was not a taxable beverage within the meaning of the revenue acts and regulations thereunder.

5. July 6, 1933, the Commissioner of Internal Revenue rejected the claim in full on the ground that the orange juice was a still drink and subject to the tax imposed by section 615 (a) (4) of the Revenue Act of 1932.

6. The orange juice sold by plaintiff to its customers as hereinabove related was expressed from the orange by a process which retained in the juice the pulp of the fruit and excluded the pits, and as thus derived was served to the customer without the addition of water, sugar, or other element, or any change from its natural state.

7. The excise taxes paid by the plaintiff upon the sale of orange juice were charged on its books to a special tax account styled "Indirect Expense." This account was also so charged with other taxes, such as tax on electricity.

The plaintiff did not decrease the size of the portions of orange juice sold, nor increase the price charged therefor at the time the tax was imposed nor subsequent thereto.

The plaintiff credits its receipts from the ·sale of orange juice to an account styled "Sales," and the cost of the oranges from which the juice is expressed is charged to an account styled "Food Purchases."

8. On September 5, 1934, plaintiff filed with the collector of internal revenue another claim for refund of the aforesaid tax of $1,006.81, stated as supplemental to the claim theretofore filed, and giving as a ground for refund, not referred to in the original claim, the alleged fact that the "taxpayer did not include in the price of the orange juice with respect to which it was imposed nor had it collected the amount of tax from the consumers to whom it sold the said orange juice."

On or about October 2, 1934, the Commissioner of Internal Revenue rejected the claim in·full on the same ground as that on which the original claim had been rejected.

D. Benjamin Kresch, of Philadelphia, Pa. (Fred W. Weitzel and Norman J. Morrison, both of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Sewall Key, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, a corporation owning and operating a chain of restaurants in the

city of New York, seeks to recover, with interest, the sum of $1,006.81 taxes paid during June, July, August, September, and October, 1932, on sales of 50,340.577 gallons of pure orange juice to its customers.

The orange juice sold by plaintiff was expressed from the fruit by a process which retained the pulp of the fruit and excluded the pits. It was served to customers with their meals, principally at breakfast time, without addition of water, sugar, or any other element, and without change from its natural state. The tax was collected under the provisions of section 615 (a) of the Revenue Act of 1932 (47 Stat. 168, 264), which read:

"There is hereby imposed—

"(1) Upon all beverages derived wholly or in part from cereals or substitutes therefor, containing less than one-half of 1 per centum of alcohol by volume, sold by the manufacturer, producer, or importer, a tax of 1¼ cents per gallon.

"(2) Upon unfermented grape juice, in natural or concentrated form (whether or not sugar has been added), containing 35 per centum or less of sugars by weight, sold by the manufacturer, producer, or importer, a tax of 5 cents per gallon.

"(3) Upon all unfermented fruit juices (except grape juice), in natural or slightly concentrated form, or such fruit juices to which sugar has been added (as distinguished from finished or fountain syrups), intended for consumption as beverages with the addition of water or water and sugar, and upon all imitations of any such fruit juices, and upon all carbonated beverages, commonly known as soft drinks (except those described in paragraph (1), manufactured, compounded, or mixed by the use of concentrate, essence, or extract, instead of a finished or fountain syrup, sold by the manufacturer, producer, or importer, a tax of 2 cents per gallon.

"(4) Upon all still drinks (except grape juice), containing less than one-half of 1 per centum of alcohol by volume, intended for consumption as beverages in the form in which sold (except natural or artificial mineral and table waters and imitations thereof, and pure apple cider), sold by the manufacturer, producer, or importer, a tax of 2 cents per gallon."

The plaintiff did not decrease the size of the portions of orange juice served to its customers, nor increase the price charged therefor on account of the tax imposed, and in no way passed the tax on to the customers.

Subsequent to the payment of the taxes involved, the plaintiff filed a claim for refund of the same on the ground that the orange juice produced and sold by it was not a taxable beverage. The Commissioner disallowed its claim on the ground that the orange juice sold was a still drink and subject to the tax under section 615 (a) (4) of the Revenue Act of 1932.

It is not contended that the orange juice produced and sold by plaintiff was taxable under section 615 (a) (3), which covers unfermented fruit juices in natural form "intended for consumption as beverages with the addition of water or water and sugar." The sole question presented, therefore, is whether it was subject to the tax imposed on still drinks by section 615 (a) (4).

Section 615 of the Revenue Act of 1932 is a substantial re-enactment of section 602 of the 1921 Act (42 Stat. 285). The language of section 615 (a) (4) of the 1932 Act dealing with still drinks is identical with section 602 (c) of the 1921 Act except that immediately following the words "upon all still drinks," the parenthetical expression "except grape juice" is added. Treasury Regulations 44 promulgated under the Revenue Act of 1932 interpret section 615 (a) (3) and (a) (4) as follows:

Section 615 (a) (3) of the Revenue Act of 1932:

"Art. 28. *Scope of tax.*—The tax attaches to the sale by the manufacturer of all (a) unfermented fruit juices (except grape juice) in natural or slightly concentrated form, or such fruit juices to which sugar has been added (as distinguished from finished or fountain sirups), intended for consumption as beverages with the addition of water or water and sugar, and (b) all imitations of any such fruit juices.

"The term 'all unfermented fruit juices' includes logan and other berry juices, orange juice, lemon juice, grapefruit juice, lime juice, pineapple juice, and all other fruit juices.

"The term 'all imitations of any such fruit juices' includes those which resemble natural fruit juices in taste, appearance, or content and are advertised or sold for use

as beverages with the addition of water or water and sugar."

Section 615 (a) (4) of the Revenue Act of 1932:

"Art. 32. *Scope of tax.*—The tax attaches to the sale by the manufacturer of all still drinks containing less than one-half of 1 percent of alcohol by volume. A still drink is one which is not charged, carbonated, aerated, or similarly treated. Where such drinks are compounded and sold by the glass it will be necessary for the manufacturer to keep such records as will clearly indicate the number of gallons sold and to pay tax thereon.

"Art. 33. *Exempt sales.*—The tax imposed does not attach to the sale of (a) natural or artificial mineral and table waters, (b) imitations thereof, (c) pure apple cider, and (d) grape juice."

█ The Treasury Regulations interpreting the corresponding provisions of the 1921 Act are substantially the same as those issued under the 1932 Act. These regulations, which we think correctly interpret the respective taxing acts, justify the imposition of a tax of 2 cents a gallon on unfermented fruit juices, only when they are intended for consumption as beverages with water or water and sugar added, and not otherwise. Section 615 (a) (3) deals specifically with unfermented fruit juices and prescribes the precise form in which they are taxable—when intended for consumption as beverages with water or water and sugar added. Section 615 (a) (4) makes no reference to unfermented fruit juices and the assumption is not warranted that Congress intended to include them in the articles taxed under the general provisions of that subsection, the matter having been specifically dealt with in the preceding subsection, in which all unfermented fruit juices except those intended for consumption as beverages with the addition of water or water and sugar were tax exempt. One of the oldest rules of statutory construction is that, where there is, in the same statute, a particular enactment, and also, a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment. United States v. Chase, 135 U.S. 255, 10 S.Ct. 756, 34 L.Ed. 117. The construction of the applicable statutes falls squarely within this rule. Section 615 (a) (3) is a particular enactment dealing with the tax on fruit juices, while section 615 (a) (4) is a general enactment dealing with the tax on still drinks. Even if unfermented fruit juices in their natural state might otherwise fall into the classification of still drinks, they are not taxable under subsection (a) (4) for the reason that they are specifically dealt with in subsection (a) (3) and are exempt from the tax there imposed.

We think that if Congress had intended to tax unfermented fruit juices intended for consumption as beverages in their natural state, it would have declared that intention directly, as could easily have been done by making all fruit juices, without exception, subject to the tax. Congress, however, did not do this, but imposed a tax only on such unfermented fruit juice as was intended for consumption as a beverage with the addition of water or water and sugar, indicating clearly the intent that fruit juices intended for consumption in their natural state be tax free. Expressio unius est exclusio alterius.

█ The orange juice prepared by plaintiff and served in its natural form, without the addition of water or water and sugar, to customers as a part of a meal, was not subject to a tax of 2 cents per gallon under section 615 of the Revenue Act of 1932. The plaintiff is therefore entitled to recover the amount of the tax paid, and a judgment in its favor for $1,006.81 with interest is awarded.